UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA ALDERSON and WINNIE SARACENO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN MANOR MULTICARE CENTER, INC., | No. 17-cv-2424<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Julia Alderson and Winnie Saraceno, ("Plaintiffs"), by their undersigned counsel, allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New York Labor Law (the "NYLL") against Defendant Northern Manor Multicare Center, Inc. ("Defendant" or "Northern Manor") for failure to pay for all hours worked, and failure to pay overtime to Plaintiffs and all similarly situated nurses employed by Defendant (the "Nurses").

2. Northern Manor is a senior living facility located in Nanuet, New York that employs approximately 45-50 Nurses at any given time, with approximately 15 nurses per 8-hour shift. The Nurses are scheduled to work 37.5 hours per week. However, the Nurses, including Plaintiffs, frequently work as many as 50 hours per week. In violation of the FLSA and the NYLL, the Nurses are not paid for hours worked over 40 in a workweek. Northern Manor is fully aware that the Nurses work more than 40 hours per week and not paid for all such hours

worked; the failure to pay overtime has been a frequent subject of complaints and Northern Manor has not remedied the situation and/or provided back pay.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District because Northern Manor resides in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including but not limited to Plaintiff's employment by Northern Manor and the employment of other Nurses by Northern Manor.

## THE PARTIES

5. Plaintiff Julia Alderson is a citizen of the State of New York, residing in Suffern, New York. Plaintiff is a non-exempt employee and was been employed by Northern Manor as a Nurse beginning in or about 2011. Plaintiff's duties included all aspects of caring for Northern Manor's elderly residents. Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit A.

6. Plaintiff Winnie Saraceno is a citizen of the State of New York, residing in Gardnier, New York. Plaintiff is a non-exempt employee and has been employed by Northern Manor as a Nurse at all times relevant to this action. Plaintiff's duties include all aspects of caring for Northern Manor's elderly residents. Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit A.

7. Defendant Northern Manor, a nursing home and rehabilitation facility, states that it has "facilities and services [that] include a premier retirement community, assisted living, skilled nursing centers, home care, adult day health centers and community outreach." Northern Manor employs approximately 45-50 Nurses at any given time, and has done so throughout the time period relevant to this action.

## COLLECTIVE ALLEGATIONS

8. Plaintiffs bring the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of herself and other similarly situated people (the "Collective" or the "Nurses"), which shall include:

> All persons employed by Northern Manor as nurses from April 4, 2014 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").

9. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective. There are likely one hundred or more similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Nurses (the "Class"):

> All persons employed by Northern Manor as nurses from April 4, 2011 through the date a judgment is entered in this action.

3

11. Members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are over 100 members of the Class.

12. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

    a. Whether Defendant failed to pay Plaintiff and the Class for all hours worked up to 40 per workweek;

    b. Whether Defendant failed to pay Plaintiff and the Class at overtime rates for all hours worked over 40 per workweek;

    c. Whether Defendant's conduct violated the NYLL;

    d. The amount by which Plaintiff and the Class were damaged; and

    e. Whether Plaintiffs and the Class are entitled to liquidated damages and/or interest.

13. The claims of Plaintiffs are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

14. Plaintiffs will protect the interests of the Class fairly and adequately, and Plaintiffs have retained attorneys experienced in class action litigation.

15. A class action is superior to all other available methods for this controversy because:

    a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

  b. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

  c. Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  d. Nurses who are currently employed by Northern Manor are likely to fear retaliation and/or the loss of their employment, and thus will likely not commence their own actions.

## **SUBSTANTIVE ALLEGATIONS**

16. Plaintiffs and the Nurses are non-exempt employees currently and formerly employed by Northern Manor to care for its residents.

17. Plaintiffs and the Nurses are scheduled to work five days each week, with an 8-hour shift and a half hour lunch break.

18. Plaintiffs and the Nurses have a very demanding workload, and their work usually cannot be completed within the time allotted for their regular shift. In addition to caring for residents, the Nurses are required to perform work in connection with the change in shift in order to update the next Nurse who is taking over, and the Nurses are also required to fill out extensive paperwork after many shifts.

19. The Nurses care for multiple residents on each shift. Plaintiff Julia Alderson, for example, cared for between 13 and 24 residents per shift during her employment.

20. As a result of their heavy work load, the Nurses must stay at work later than the end of their scheduled shift. Plaintiffs have frequently stayed one to two hours past the end of their scheduled shifts. In addition to staying past the end of their shifts, many Nurses do not receive the full, uninterrupted and work free 30-minute break to which they are entitled. That 30 minute time period is deducted from their pay regardless of whether a Nurse is actually given a proper meal break, and as a result, deprives the Nurses of overtime pay.

21. As a result of staying past the end of her shift, Plaintiffs have often worked over 40 hours per week, sometimes works as many as 50 hours per week.

22. Despite working as many as 50 hours per week, Plaintiff Julia Alderson has only been paid for her scheduled 37.5 hour work week; Plaintiff Saraceno's experience has been similar. Plaintiffs and all of the Nurses punch in and out using a time clock, maintained by Defendants, which notifies Defendants that Plaintiffs and the Nurses are working more than 37.5 hours per week, and Defendants intentionally fail to pay Plaintiffs and the Nurses for the time spent working after their shifts should end. On information and belief, Northern Manor either fails to pay Plaintiffs and the Nurses for the hours shown by their time cards, or alters their time cards to artificially lower the number of hours they are shown to have worked.

23. Plaintiff Julia Alderson, and multiple other Nurses, have complained to their union and to Northern Manor's management about the failure to pay the Nurses for overtime hours worked, and these complaints have not been acted on and/or have been ignored.

# COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*: Failure to Pay Overtime**
**(Brought on Behalf of Plaintiff and the Collective)**

24. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

25. During the FLSA Class Period, Plaintiffs and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

26. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

27. At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

28. Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiffs' written consent is attached hereto as Exhibit A and incorporated by reference.

29. Defendant was required to properly pay Plaintiffs and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

30. During the FLSA Class Period, Defendant failed to pay Plaintiffs and the Nurses all wages due including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FSLA, 29 U.S.C. §207.

31. Defendant's violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

32. As a result of Defendant's violations of the FLSA, Plaintiffs and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

33. Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful. Defendant knew that Plaintiffs and others similarly situated routinely worked in excess of forty hours per week and that Plaintiffs and others similarly situated were not paid for all hours worked.

34. Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiffs and others similarly situated.

35. Because Defendant's violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

36. Plaintiff sand the Nurses seek to enjoin Defendant from its continuing violations of 29 U.S.C. §207.

## COUNT II

**New York Labor Law, Article 19: Failure to Pay Straight Time and Overtime**
**(Brought on Behalf of Plaintiff and the NYLL Class)**

37. Plaintiffs incorporate and re-allege all of the preceding paragraphs as if they were fully set forth herein.

38. Plaintiffs and the Nurses were employees of Defendant within the meaning of the NYLL, Article 6, §190(2), and supporting New York regulations.

39. Defendant was an "employer" within the meaning of NYLL Article 6, §190(3), and any supporting regulations.

40. Defendant failed to pay Plaintiffs and the Nurses for all hours worked up to 40 in a workweek, and overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 hours in a workweek.

41. Defendant's failure to pay Plaintiffs and the Nurses for all hours worked, and for overtime wages was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendant was aware of the requirements of the NYLL and continued to deprive Plaintiffs and the Nurses of all wages owed.

42. Due to Defendant's violations of the NYLL, Plaintiffs and the Nurses are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant Plaintiffs and the Class the following relief:

A. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein;

B. An order certifying this case as a class action for violations of the NYLL as it pertains to the Second claim under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the class of employees described herein, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

C. Award Plaintiffs and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

D. Award Plaintiffs and the Class their reasonable attorneys' fees, costs and expenses as authorized by law;

E. Enjoin Defendant from its continued violation of the FLSA and the NYLL; and

F. Grant in favor of Plaintiffs and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: April 4, 2017			**GARDY & NOTIS, LLP**

By: _s/Orin Kurtz_
Mark C. Gardy
Orin Kurtz
Tower 56
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

*Attorneys for Plaintiff*